UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                    :

RICHARD HERNANDEZ,                 :
                                     :

                Plaintiff,   :              11 Civ. 644 (JPO)
                                     :

         -against-       :     MEMORANDUM AND
                                     :        ORDER

METRO-NORTH COMMUTER RAILROAD   :
COMPANY,                           :
                                     :
                Defendant.   :
---------------------------------------------------------- X

J. PAUL OETKEN, District Judge:

      Richard Hernandez ("Plaintiff") brought this action against Metro-North Commuter

Railroad Company ("Metro-North" or "Defendant") pursuant to the Federal Employer's Liability

Act ("FELA"), 45 U.S.C. § 51, *et seq*, alleging wrist and elbow injuries as a result of

Defendant's negligence.  Before the Court is Defendant's Motion for Summary Judgment.  For

the reasons that follow, Defendant's motion is granted.

I.      **Background**

      A.     **Factual Background**

      The facts are undisputed unless otherwise noted.

      Plaintiff began working for Metro-North on March 26, 2007.  (Dkt. No. 27 ("Wenchell

Decl."), Ex. E ("Personnel Records").  He began as a custodial worker, whose responsibilities

included mopping and vacuuming throughout Grand Central Terminal ("Grand Central").

(Wenchell Decl., Ex. C ("Pl. Dep.") at 6-7.)  Plaintiff had a three-month probationary period at

the start of his employment; during this period, he was trained to work with the power washer,

also called the pressure washer.  (*Id*. at 8-9.)

Within his three-month probationary period, Plaintiff became a machine operator at Grand Central.  (*Id*. at 7-9, 13.)  He was responsible for cleaning platforms, for which he would use the power washer and a gum scraper.  (*Id*. at 9-10, 12-13, 19.)  About two weeks into working on the platforms, Plaintiff's hands and wrists, and then elbows, began to hurt as a result of "continuous banging on the concrete floor" with the gum scraper.  (*Id*. at 15.)  When Plaintiff began to feel pain, he complained to Howard Taylor ("Taylor"), his foreman, as well as to James Jones ("Jones"), his supervisor.  (*Id*. at 6, 23.)  On January 31, 2008, Plaintiff left work, and he did not return until October 1, 2008.  (Personnel Records; Wenchell Decl., Ex. D ("Payroll Records").)  When he returned, he no longer worked with the gum scraper, but instead picked up garage in a "little truck."  (Pl. Dep. at 13.)  Several months after his return, the pain became unbearable, and he went to see several physicians.  (*Id*. at 24-26.)

### B.      Procedural Background

Plaintiff filed his Complaint on January 31, 2011.  (Dkt. No. 1.)  Defendant answered on February 28, 2011.  (Dkt. No. 4.)  Defendant moved for summary judgment on April 2, 2012.  (Dkt. No. 25 ("Def.'s Mem.").)  Plaintiff opposed on May 1, 2012.  (Dkt. No 28 ("Pl.'s Opp'n.").)  Defendant replied on May 14, 2012.  (Dkt. No. 30 ("Def.'s Rep.").)

## II.    Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure ("Rule") 56, summary judgment "is appropriate when the evidence shows that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law."  *Chanel, Inc. v. Veronique Idea Corp.*, 795 F. Supp. 2d 262, 265-66 (S.D.N.Y. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986)) (internal quotation marks omitted).  In such cases, the non-moving party must respond to the adverse party's pleading with "specific facts showing that there is a genuine issue

for trial." *Anderson*, 477 U.S. at 248.  The Supreme Court has advised that an issue of fact is

"genuine" if the evidence presented "is such that a reasonable jury could return a verdict for the

nonmoving party." *Id.*

The initial burden of a movant on summary judgment, or partial summary judgment, is to

provide evidence on each material element of his claim or defense illustrating his entitlement to

relief. *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004).  A fact is

"material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477

U.S. at 248.

The Court must view all evidence and facts "in the light most favorable to the non-

moving party and draw all reasonable inferences in its favor." *In re Old Carco LLC*, 470 B.R.

688, 699-00 (S.D.N.Y. 2012) (quoting *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995)).  To

prevail on a motion for summary judgment, it must be shown that "no reasonable trier of fact

could find in favor of the nonmoving party." *Id.*; *accord Matsushita Elec. Indus. Co. v. Zenith

Radio Corp.*, 475 U.S. 574, 587 (1986).  The nonmoving party must advance more than mere

"conclusory statements, conjecture, or speculation" to successfully defeat a motion for summary

judgment. *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996) (citing *Matsushita*, 475 U.S.

at 587).

### III.   Statute of Limitations

Defendant contends that Plaintiff's claim is barred by the statute of limitations.  FELA

provides that "[n]o action shall be maintained . . . unless commenced within three years from the

day the cause of action accrued."  45 U.S.C. § 56.  "Ultimately, the burden is on the plaintiff to

allege and prove that his claim was brought within the limitations period." *Maloney v. CSX

Transp., Inc.*, No. 09 Civ. 1074 (GLS) (GHL), 2010 WL 681332, at *4 (N.D.N.Y. Feb. 24, 2010)

(citing *Carpenter v. Erie R.R. Co.*, 132 F.2d 362, 362 (3d Cir. 1942); *Emmons v. S. Pac. Transp. Co.*, 701 F.2d 1112, 1118 (5th Cir. 1983)).

In some instances—such as "[c]ases which involve a traumatic injury or a single breach of duty and an immediately manifest injury," there is "little difficulty in determining the commencement of the limitations period," *Natl R.R. Passenger Corp. v. Krouse,* 627 A.2d 489, 493-94 (D.C. App. 1993), because the date of accrual is clear and beyond dispute.  "With respect to 'gradual injuries' . . . the Supreme Court has adopted a 'discovery rule' and held that the FELA statute of limitations accrues when the injury 'manifest[s]' itself, taking into account whether the plaintiff 'should have known' of his injury."  *Mix v. Del. & Hudson Ry. Co.*, 345 F.3d 82, 86 (2d Cir. 2003) (quoting *Urie v. Thompson*, 337 U.S. 163, 170 (1949)).  Thus, a plaintiff's FELA action accrues when he "in the exercise of reasonable diligence knows both the existence and the cause of his injury." *Id.* at 86 (citing *Ulrich v. Veterans Admin. Hosp.,* 853 F.2d 1078, 1080 (2d Cir. 1988)).  When determining whether a plaintiff knew or should have known the injury's cause was work related, "potential plaintiffs have an affirmative obligation to investigate the cause of a known injury."  *Hitchcock v. Nat'l R.R. Passenger Corp.*, 20 F. Supp. 2d 429, 432 (N.D.N.Y. 1998) (citing *Tolston v. National R.R. Passenger Corp.*, 102 F.3d 863, 865 (7th Cir. 1996)).   Thus,

> a plaintiff may not avoid the running of the limitation period by arguing that he was unsure whether work was the predominant cause of his injury. Once an employee knows or has reason to know that work is a potential cause of his known injury the limitation period begins to run and a plaintiff bears the burden of investigating the cause of his injury.

*Id.*; *see also Albert v. Maine Cent. R. Co.*, 905 F. 2d 541, 544 (1st Cir. 1990) (holding that once a plaintiff "reached the conclusion that he believed he had a [given injury] and that he believed

that the injury was caused by his employment . . . he had a duty to investigate the situation in order to confirm or deny his belief").

In this case, there can be no doubt that Plaintiff knew he had an injury to his wrists and elbows more than three years before he filed his action on January 31, 2011. Plaintiff's employment at Metro-North commenced on March 26, 2007, and he began experiencing pain in his elbows and hands about two weeks into cleaning platforms, a job he commenced at some point within his first three months at Metro-North. In other words, Plaintiff's own testimony indicates that he began to experience pain as a result of gum scraping in the spring or summer of 2007.[1] Moreover, Plaintiff testified that he had complained about the pain to Taylor and Jones before going on leave on January 30, 2008. In addition, the evidence indicates that, as of his leave of absence in January 2008, Plaintiff had already been referred to an expert for his elbows. (Wenchell Decl., Ex. G at 6.) All of this evidence of Plaintiff's injury arose more than three years before the commencement of this suit.

The next issue is when Plaintiff knew or should have known the cause of the injury. Having reviewed the evidence provided by both parties, this Court holds it beyond genuine dispute that Plaintiff knew or should have known the cause of the injury more than three years before bringing this action. It is clear from Plaintiff's own testimony that, when he first began to feel pain in his elbow and arm in 2007, he suspected it was a result of gum scraping. In response to a question concerning with whom Plaintiff discussed the initial pain he felt in his hands and elbows, he stated, "[w]e all talked about it in the facility department. No one wanted to do that type of work because it was hard and it was painful." (Pl. Dep. at 23.) Moreover, Plaintiff's decision to complain to his supervisors about the pain he felt evinces a belief that the pain was

---

[1] Plaintiff also testified that his elbow pain began "almost immediately, weeks into my job." (Pl. Dep. at 23.)

5

work-related.  Thus, while still working as a gum scraper in 2007, Plaintiff had sufficient

suspicions that his injuries were connected to his work to trigger the three-year statute of

limitations.

Because Plaintiff's claim is time barred, it is unnecessary to consider Defendant's other

arguments for summary judgment.

**IV.     Conclusion**

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED.

The Clerk of the Court is directed to terminate the docket entry at Docket No. 23 and to

close this case.

SO ORDERED.

Dated:  New York, New York
         March 6, 2013

_____
                J. PAUL OETKEN
             United States District Judge